Filed 9/24/20  P. v. Flores CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074668 |
| v. | (Super.Ct.No. INF055962) |
| JUAN CARLOS FLORES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Juan Carlos Flores and his codefendant Noel Santiago Garza of active participation in a street gang, and murder in the first degree during which a principal used a firearm and which was committed for the benefit

1

of a street gang.  (Pen. Code, §§ 186.22, subd, (a), 187, subd. (a), 12022.53, subd. 186.22, subd. (b), respectively.)[1]  The trial court sentenced each of them to two terms of 25 years to life in state prison.  They appealed, and this court affirmed their convictions.  (*People v. Flores* (April 6, 2011, E049218) [nonpub.opn.].)

In 2018, the Legislature enacted section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), a provision that authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced.

On February 19, 2019, defendant filed a section 1170.95 petition for resentencing. When defendant's case was called on January 31, 2020, defendant was not present but was represented by counsel.  The People moved to dismiss the petition on the grounds that the jury in defendant's case had been given only direct aiding and abetting instructions, not instructions concerning felony murder or natural and probable consequences.[2]  Defendant's counsel submitted, and the court dismissed the petition. Defendant appealed.

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth a statement of the case, a summary of the facts, and one potential arguable issue:  whether

---

[1]  All further statutory references are to the Penal Code.

[2]  On May 18, 2020, defendant requested we augment the record with the jury instructions given during the trial. We deemed the request as one for judicial notice and granted it.

2

the trial court erred when it dismissed defendant's section 1170.95 petition for resentencing. Counsel also requested this court to undertake a review of the entire record.

In a recent case, *People v. Cole* (2020) 52 Cal.App.5th 1023, Division Two of the Second District held that the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment, not to cases like the present one in which the appeal is from a denial of postconviction relief. (*Id.* at p.1032.) That court nevertheless exercised its inherent supervisory powers to control the proceedings before it to permit the defendant to file a supplemental brief and to dismiss the case when he failed to do so. (*Id.* at p. 1038.)

Pursuant to the same inherent supervisory authority articulated in *Cole*, we apply *Wende* procedures to postjudgment appeals. (*Wende*, *supra*, 25 Cal.3d at pp. 438, 442-443.) That is, we require appointed appellate counsel to review the record and, if unable to find a reasonably arguable issue, to file a no-issues brief setting forth the facts and applicable law. Upon receipt of the no-issues brief, we provide defendant an opportunity to file a personal supplemental brief, and we conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106. In this case, appointed appellate counsel filed a no-issues brief. We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We conducted an independent review of the record and found no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ           </u>
                   P. J.

I concur:

<u>CODRINGTON     </u>
        J.

[*People v. Flores*, E074668]

RAPHAEL, J., Dissenting.

We should simply dismiss this appeal, where the appellant raises no issues.

In a direct appeal from a conviction, we must review the record ourselves to determine whether there are any arguable issues, even if the defendant or his lawyer raised none. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) But our Supreme Court has held the *Wende* procedures "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right." (*In re Sade C.* (1996) 13 Cal.4th 952, 986.)

Consequently, the prevalent rule in our Court of Appeal is to dismiss an appeal "as abandoned" when a defendant appeals from a postconviction order but raises no issues. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 504.) This was the rule applied by the recent case that the majority cites. (See *People v. Cole*, 52 Cal.App.5th 1023, 1040 ["we dismiss this appeal as abandoned"].)

Even though Penal Code section 1170.95 went into force only in 2019, there have already been well over 200 cases citing that section and *Wende* that have made it into the electronic databases, and over 50 from our division. It is not a wise use of resources for us to independently review the record in each of these cases, and it raises the question as to why many worthy litigants in other contexts are not so indulged. I therefore respectfully dissent.

RAPHAEL
J.

1